**MELISSA C. NOLD, ESQ., SBN 301378**
**NOLD LAW**
521 Georgia Street,
Brentwood, California 94590
Tel: (707)644-4004
Email: melissa@noldlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLFO RAMIREZ, individually and as Successor-in-Interest for Decedent YOLANDA RAMIREZ; RICARDO RAMIREZ, individually and as Successor-in-Interest for Decedent YOLANDA RAMIREZ; FRANCISCO RAMIREZ, individually and as Successor-in-Interest for Decedent YOLANDA RAMIREZ; and REBECCA ALCANTAR, individually and as Successor-in-Interest for Decedent YOLANDA RAMIREZ,<br><br>        Plaintiffs,<br>v.<br><br>CITY OF BRENTWOOD, a municipal corporation; AARON PEACHMAN, individually and in his capacity as a City of BRENTWOOD Police Officer; and DOES 1-25, inclusive.<br><br>        Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br><br><u>JURY TRIAL DEMANDED</u> |

## INTRODUCTION

1. This civil rights and wrongful death action arises out of the September 26, 2025, officer involved brutality and subsequent death of 72-year-old Yolanda Ramirez, by two City of

- 1 -

Brentwood Police Officers. On the date of the incident, Mrs. Ramirez went to her brother's house to pick him up, and an argument with her sister ensued.

2. Brentwood Police were summoned to a call about a dispute between two elderly women. Brentwood Police Officers Aaron Peachman and a yet-to-be-identified female Defendant Brentwood Police Officer arrived on scene and contacted Mrs. Ramirez and her sister. Mrs. Ramirez was cooperative and spoke to the female officer outside, while Defendant Officer Peachman spoke to her sister inside the home. The female Defendant Officer inexplicably yelled out that Mrs. Ramirez was fleeing, despite never providing her any commands.

3. Defendant Peachman barreled out of the house and grabbed Mrs. Ramirez's arm, while the female Defendant Officer grabbed her from the opposite side. Mrs. Ramirez cried out in pain and confusion. The Defendant Officers pushed Mrs. Ramirez down the street towards a patrol car, while cursing at her. Defendant Peachman pushed his forearm against the back of Mrs. Ramirez's neck and pushed her forward, striking her head on the patrol car. Then, Defendant Peachman angrily directed the female Defendant to go to the other side of the car to drag Mrs. Ramirez into the car.

4. The Defendant Officers left Mrs. Ramirez in the car for at least 20 minutes, injured, before returning to check on her. Defendant Peachman returned to the patrol car and looked at Mrs. Ramirez, before huddling with the other officers on scene. All of the officers returned to look at Mrs. Ramirez but failed to interact with her or provide medical care. A few minutes later an ambulance arrived and multiple officers and EMT's carried Mrs. Ramirez onto a gurney. Mrs. Ramirez was transported to Kaiser, then John Muir Medical Center, for emergency brain surgery, but her injuries were not survivable,

and she was taken off of life support on October 3, 2025. Post-mortem examination revealed a fracture at the base of her skull and blunt force injuries to Mrs. Ramirez's face and head.

5. Mrs. Ramirez leaves behind an outraged community, her husband of 49 years, Plaintiff Rudolfo Ramirez, and her three grieving children, Plaintiffs Ricardo Ramirez, Francisco Ramirez and Rebecca Alcantar, who bring this present action for violations of state and federal law, both as Successors-in-Interest to Decedent Yolanda Ramirez and Individually.

## JURISDICTION

6. This action arises under Title 42 of the United States Code, Section 1983. The unlawful acts and practices alleged herein occurred in the City of Brentwood, County of Contra Costa, California, which is within this judicial district. Title 28 United State Code Section 1391 (b) confers venue upon this Court.

## PARTIES

7. Plaintiff, RUDOLFO RAMIREZ, sues in his individual capacity and as Decedent's Co-Successor-in-Interest. Plaintiff RUDOLFO RAMIREZ is the legal spouse of YOLANDA RAMIREZ. Both the wrongful death and survival claims survive the death of YOLANDA RAMIREZ; both arise from the same wrongful act or neglect of another; and such claims are properly joined pursuant to California Code of Civil Procedure § 377.62. Plaintiff also brings claims on the basis of 42 USC §§ 1983 and 1988, the United States, and federal civil rights law.

8. Plaintiff, RICARDO RAMIREZ, sues in his individual capacity and as Decedent's Co-

Successor-in-Interest. Plaintiff RICARDO RAMIREZ is the biological child of YOLANDA RAMIREZ. Both the wrongful death and survival claims survive the death of YOLANDA RAMIREZ; both arise from the same wrongful act or neglect of another; and such claims are properly joined pursuant to California Code of Civil Procedure § 377.62. Plaintiff also brings claims on the basis of 42 USC §§ 1983 and 1988, the United States Constitution, and federal civil rights law.

9. Plaintiff, FRANCISCO RAMIREZ, sues in his individual capacity and as Decedent's Co-Successor-in-Interest. Plaintiff FRANCISCO RAMIREZ is the biological child of YOLANDA RAMIREZ. Both the wrongful death and survival claims survive the death of YOLANDA RAMIREZ; both arise from the same wrongful act or neglect of another; and such claims are properly joined pursuant to California Code of Civil Procedure § 377.62. Plaintiff also brings claims on the basis of 42 USC §§ 1983 and 1988, the United States Constitution, and federal civil rights law.

10. Plaintiff, REBECCA ALCANTAR, sues in her individual capacity and as Decedent's Co-Successor-in-Interest. Plaintiff REBECCA ALCANTAR is the biological child of YOLANDA RAMIREZ. Both the wrongful death and survival claims survive the death of YOLANDA RAMIREZ; both arise from the same wrongful act or neglect of another; and such claims are properly joined pursuant to California Code of Civil Procedure § 377.62. Plaintiff also brings claims on the basis of 42 USC §§ 1983 and 1988, the United States Constitution, and federal civil rights law.

11. Decedent YOLAND RAMIREZ had no additional biological children and no living parents.

12. Defendant CITY OF BRENTWOOD (hereinafter "City") is, and at all times herein

mentioned, a municipal entity duly organized and existing under the laws of the State of California. The Brentwood Police Department operates under the supervision of the City of Brentwood. The CITY OF BRENTWOOD maintains respondeat superior liability for its employees.

13. Defendant AARON PEACHMAN was, and at all times mentioned herein, is a police officer for the City of Brentwood and is sued in his individual capacity.

14. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 25, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management, or control, and in violation of public policy. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care, or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint subject to further discovery.

15. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the City of Brentwood.

16. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

17. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants

herein.

18. Plaintiffs timely filed a Government Tort Claim on November 3, 2025. The City of Brentwood did not respond to Plaintiffs' claims, which were rejected by operation of law after 45 days.

**STATEMENT OF FACTS**

19. On September 26, 2025, at approximately 10:00 a.m., Decedent Yolanda Ramirez, age 72, drove to her childhood family home, located at 161 Broderick Drive, in Brentwood, California. Mrs. Ramirez's brother, Ruben Bustos, and sister, Sylvia Bustos, live in the home. Mrs. Ramirez was supposed to take Ruben to schedule a medical appointment.

20. Upon her arrival, nobody answered the door. Mrs. Ramirez was calling into the house, trying to get Ruben's attention and ended up in a verbal disagreement with her sister, Sylvia Bustos.

21. The Brentwood Police were summoned to the home by Sylvia Bustos.

22. Multiple unrelated third parties witnessed the incident.

23. Witnesses observed a yet-to-be-identified female Defendant Brentwood Police Officer arrive first and speak to Mrs. Ramirez outside for a few minutes, where she was compliant and explaining her concerns about Ruben's welfare.

24. Defendant Brentwood Police Officer Aaron Peachman arrived and went inside the home to speak to Sylvia Bustos.

25. While she was waiting, Mrs. Ramirez went to sit in front passenger side seat of her car. A few minutes later, Mrs. Ramirez walked to the opposite side of the car. The female Defendant Officer inexplicably yelled out that Mrs. Ramirez was trying to flee, despite having provided no commands or directions to Mrs. Ramirez, who was walking slowly

and making no attempt to flee. Defendant Peachman ran out of the house with a pair of handcuffs and grabbed Mrs. Ramirez's arm violently. The female Defendant Officer grabbed her other arm.

26. Mrs. Ramirez was crying out, "Why are you doing this to me' and telling the officers, "You're hurting me." Mrs. Ramirez was visibly confused about why she was being arrested and had never had prior police contact.

27. The Defendant Officers did not provide Mrs. Ramirez any verbal commands or directions prior to accosting her.

28. Defendant Peachman forced the elder to her knees on the sidewalk and falsely accused her of resisting, while she cried out in pain multiple times, catching the attention of several local residents and passersby. Mrs. Ramirez loudly told the Defendant Officers that she was not resisting and alerted them that they were hurting her.

29. The Defendant Officers told Mrs. Ramirez to get up, despite there being no apparent way for the elderly woman to rise from the ground on her own with her hands cuffed behind her back. While Defendant Peachman yelled at Mrs. Ramirez and claimed she was resisting, she was handcuffed and not pulling away or showing outward signs of physical resistance.

30. Mrs. Ramirez was handcuffed so tightly she had deep cuts on her wrists from the Defendant Officer(s) failure to double lock the handcuffs.

31. Witnesses observed Mrs. Ramirez being pushed aggressively towards the patrol car and Defendant Peachman pressing his forearm on the back of Mrs. Ramirez's neck. Mrs. Ramirez notified Defendant Peachman that she could get into the car by herself,

apparently angering him. Defendant Peachman violently struck Mrs. Ramirez's head on the window of the patrol car.

32. Mrs. Ramirez was sitting down on the back seat with her legs outside of the car door intially, then Defendant Peachman yelled at the female officer and directed her to go around the other side of the car so she could drag Mrs. Ramirez into the car. After dragging her into the car, the female Defendant Officer violently slammed the car door.

33. After striking Mrs. Ramirez's head on the car window and dragging her into the car, the officers left the handcuffed 72-year-old grandmother unattended, then walked away and stood around talking to the other officers who had arrived.

34. The Defendant Officers dumped out the contents of Mrs. Ramirez's purse, searched her car and called a tow truck to remove her vehicle, which was parked on the curb.

35. After at least 20 minutes, Defendant Peachman went back to the patrol car, opened the door and looked inside the back seat without saying anything. He walked back to speak briefly with the other officers in a huddle. Then, all of the officers walked over to look at Mrs. Ramirez in the back of the patrol car without speaking to her or offering assistance.

36. Within a few minutes an ambulance arrived, and multiple police officers and EMT's carried Mrs. Ramirez out of the car. At this point she was covered in vomit and appeared to be unconscious. Officers failed to notify the EMT's that they violently struck Mrs. Ramirez's head into the car window, thereby obstructing and delaying her medical diagnosis.

37. Mrs. Ramirez's car was towed and impounded incident to arrest, in relation to an alleged violation of California Penal Code Section 148. Defendant Peachman demanded Mrs.

Ramirez's car be towed away expeditiously, so that her husband, who was on his way and also one of the registered owners, could not take possession of the family car.

38. Mrs. Ramirez was taken to the emergency room at Kaiser, in Antioch, but the medical staff was not notified of her head injury.

39. Mrs. Ramirez suffered head trauma and a brain bleed due to the abuse by Defendant Peachman and the female Defendant Officer and required emergency surgery.

40. Mrs. Ramirez was transferred to John Muir Medical Center, in Walnut Creek, for emergency brain surgery. Mrs. Ramirez did not recover from her injuries and was removed from life support on October 3, 2025, after donating her organs.

41. Despite dragging Mrs. Ramirez in handcuffs into the backseat of a patrol car, searching her purse and car incident to arrest, and towing and impounding her car subject to arrest, the family was provided a 'detention' form, signed by Defendant Peachman.

42. While at the hospital, Plaintiff Rudy Ramirez spoke to Defendant Peachman on the phone, to determine what happened to his wife. Defendant Peachman would not provide the family any information and instead asked Mr. Ramirez to tell him what happened.

43. The family spoke to Brentwood Police Sergeant Flynn, who told them Mrs. Ramirez had not been arrested and was only detained and that the car was only towed because it was blocking a driveway, a statement belied by witnesses and the DMV tow authorization form signed by Defendant Peachman, stating that the car was being towed and impounded incident to an arrest for Penal Code Section 148 – Resisting Arrest.

44. Mrs. Ramirez's family contacted the Brentwood Police Department by phone and in person to obtain information about what happened to her. Brentwood Police Department

staff refused to provide the family with any information and they were forced to seek assistance from legal counsel.

45. On October 20, 2025, Attorney Melissa Nold spoke to Interim Brentwood Police Chief O'Grodnick, who notified her that the department could not release any information to the family.

46. An independent secondary post-mortem medical examination of Mrs. Ramirez was conducted and discovered she suffered a fracture at the base of her skull and blunt force injuries to her face and head, consistent with the bruising visible on her face.

47. At independent investigation was conducted and discovered at least ten third party witnesses observed the incident and were outraged by the brutality they witnessed against a visibly elderly woman.

48. The Contra Costa County District Attorney's Office initiated their Law Enforcement Involved Fatal Incidents Protocol [LEIFI], which occurs when a person dies in police custody. However, the Contra Costa Coroner's Office has notified the family that they do not intend to perform a Coroner's Inquest, despite Mrs. Ramirez suffering a life ending medical emergency immediately after a Brentwood Police Officer struck her head against a fixed object.

49. As of mid-November 2025, none of the identified witnesses had been interviewed by Brentwood Police Detectives or District Attorney Investigators.

50. To date, the Brentwood Police Department will not tell the family what happened to Mrs. Ramirez and continues to hide the circumstances surrounding Mrs. Ramirez's death from the public.

51. The City of Brentwood did not release the body camera video within 45 days, to comply with state law under California Senate Bill 1421 and California Assembly Bill 748. To date, the City of Brentwood has not responded to Plaintiffs' request for records under state law.

52. Decedent Yolanda Ramirez is survived by her loving husband of nearly five decades, Plaintiff Rudolf Ramirez, and their three adult children, Plaintiffs Ricardo Ramirez, Francisco Ramirez and Rebecca Alcantar. Mrs. Ramirez's violent and unwarranted death has caused immeasurable financial and emotional hardship on Plaintiffs.

53. Plaintiffs are ignorant of the true names and capacities of Defendant Officer DOES 1 through 25, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are informed, believe, and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

## DAMAGES

54. As a proximate result of Defendants' conduct, Plaintiffs were mentally and emotionally injured and damaged, including but not limited to Plaintiffs' loss of familial relations, loss of consortium, Decedent's society, comfort, protection, companionship, love, affection, solace, financial and moral support as a consequence of Defendants' violation of Decedent and Plaintiffs' federal civil rights under 42 U.S.C. § 1983 under the Fourth & Fourteenth Amendment.

55. Plaintiffs are entitled to recover damages pursuant to the Decedent's right of survivorship for the conscious pain and suffering Decedent endured as a result of the violation of Decedent's civil rights under 42 U.S.C. § 1983 and Cal. Civil Code §§ 52 et seq., 52.1.

56. As a direct and proximate result of each Defendants' acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others:

    a. Wrongful death of Yolanda Ramirez (by all Plaintiffs);

    b. Hospital and medical expenses (Survival claims by all Plaintiffs)

    c. Coroner's fees, funeral and burial expenses (Survival claims by all Plaintiffs);

    d. Loss of familial relationships, including loss of love, loss of consortium, companionship, comfort, affection, society, services, solace, and moral support (wrongful death by all Plaintiffs and loss of familial association by all Plaintiffs);

    e. Pain and Suffering, including emotional distress (by all Plaintiffs, based on individual § 1983 claim for loss of familial association);

    f. Yolanda Ramirez's loss of life, pursuant to federal civil rights law (Survival claims by Plaintiffs);

    g. Yolanda Ramirez's conscious pain and suffering, pursuant to federal civil rights law (Survival claims by all Plaintiffs);

    h. Violation of constitutional rights (by all Plaintiffs); and

    i. All damages, penalties, and attorneys' fees and costs recoverable under 42 U.S.C. §§ 1983, 1988; California Civil Code §§ 52, 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

57. Plaintiffs found it necessary to engage the services of private counsel to vindicate Decedent and Plaintiffs' rights under the law. Plaintiffs are entitled to an award of reasonable attorney's fees and/or costs pursuant to statute(s) in the event that Plaintiffs

are the prevailing parties in this action under 42 U.S.C. Sections 1983, 1985, 1986, and 1988 and Cal. Civil Code §§ 52 et seq., 52.1.

58. The conduct of the Defendant Police Officers and DOES 1-25 was particularly malicious, wanton, and oppressive. Plaintiffs, as co-successors-in-interest to Decedent Yolanda Ramirez are therefore entitled to an award of punitive damages against said Defendant Officers.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(Fourth Amendment –Survival Action - Excessive Force under 42 U.S.C. Section 1983)**

*(*PLAINTIFFS, as Co-Successors-in-Interest to Decedent YOLANDA RAMIREZ Against Defendants PEACHMAN and DOES 1-25*)*

59. Plaintiffs hereby re-allege and incorporate by reference EACH AND EVERY paragraph of this Complaint.

60. When Defendants and DOES 1-25 unlawfully injured and killed Decedent without lawful justification or warning, they deprived Decedent of her right to be secure in her person against unreasonable searches and seizures as guaranteed to her under the Fourth Amendment to the United States Constitution. The Defendant Officers' actions were excessive and unreasonable, especially because decedent was cooperative, frail, vulnerable, elderly, harmless and not accused of any significant crime. Decedent was forced to endure conscious terror, pain and suffering from the deadly injuries caused by Defendant Officers' conduct.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(Fourteenth Amendment – Violations of Plaintiffs'
Right to Familial Relationship under 42 U.S.C. Section 1983)**

(PLAINTIFFS, individually, Against Defendants PEACHMAN and DOES 1-25)

61. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs EACH AND EVERY of this Complaint.

62. Defendants and DOES 1-25 acted under color of state law, and without due process of law, deprived Plaintiffs of their right to a familial relationship with their wife and mother, by seizing Decedent by use of unreasonable and unjustifiable brutal force causing injuries that resulted in Decedent's death in violations of their rights secured by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

**(Negligence – Survival & Wrongful Death Claims)**
(PLAINTIFFS Against Defendants PEACHMAN, DOES 1-25 and CITY)

63. Plaintiffs re-allege and incorporate by reference herein EACH and EVERY paragraph of this Complaint.

64. Defendant Officers and DOES 1-25 inclusive, by and through their respective agents and employees, caused devastating and fatal injuries to Yolanda Ramirez, as a result of their negligent conduct and/or negligent failure to act as set-forth herein, including, but not limited to: failure to use proper tactics and/or employ reasonable police procedures and/or use appropriate force.

65. Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

66. As an actual and proximate result of said Defendants' negligence, Plaintiffs sustained pecuniary loss and pain and suffering, in an amount according to proof at trial. Plaintiffs also suffered loss of companionship, consortium and all other damages identified herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Violation of CALIFORNIA CIVIL CODE §52.1)

(PLAINTIFFS against Defendants PEACHMAN, DOES 1-25 and CITY)

67. Plaintiffs re-allege and incorporate by reference paragraphs EACH and EVERY paragraph of this Complaint.

68. By their conduct described herein, Defendants and DOES 1-25, acting in concert/conspiracy, as described above, violated Decedent's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

   a. Decedent's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

   b. Decedent's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

    c. Decedent's right to a familial relation as secured by the Fourth & Fourteenth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

69. Excessive force, which violates the Fourth Amendment, also violates the Bane Act. Defendants' use of unlawful force against Decedent, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

70. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act. All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Decedent's rights; none was accidental or merely negligent.

71. Alternatively, Defendants violated Decedent's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

    d. Threatening Decedent in the absence of any threat presented by Decedent or any justification whatsoever;

    e. Using deliberately reckless and provocative tactics to apprehend Decedent in violation of generally accepted law enforcement training and standards, and in violation of Decedent's rights;

    f. Defendant striking and/or physically accosting Decedent in the absence of any threat or need for such force;

    g. Threatening violence against Decedent, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

    h. Using excessive, unreasonable and unjustified force against Decedent while she attempted to comply with the officers;

    i. Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

    j. Violating multiple rights of Decedent; and/or

    k. Arresting Decedent with no lawful reason.

72. Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

73. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Decedent's rights under the United States and California Constitutions, Decedent sustained injuries and damages.

74. Plaintiffs/Decedent are entitled to relief as set forth above, including punitive damages against Defendants and DOES 1-25, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (Battery)
**(**PLAINTIFFS Against Defendants PEACHMAN, DOES 1-25, AND CITY)

75. Plaintiffs hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

76. Defendants, while working as an employee for the Defendant CITY OF BRENTWOOD

police department and acting within the course and scope of their duties, intentionally injured Decedent without a lawful basis.

77. As a result of the actions of the Defendants, Decedent suffered physical injury. Defendant and DOES did not have legal justification for using force against Decedent, and Defendants' use of force while carrying out their duties was an unreasonable use of force.

78. Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

79. Plaintiffs hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum to be proven at trial;
2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;
3. For punitive damages against the individual officers in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and § 794 (a); Cal. Code of Civ. Proc. §§ 377.20 et seq., 377.60 et seq., 1021.5, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law

5. Any and all permissible statutory damages;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Date: January 1, 2026                          Respectfully submitted,

**NOLD LAW**

/s/ Melissa Nold
MELISSA C. NOLD
COUNSEL FOR PLAINTIFFS